[No. 2899. Decided June 3, 1898.·

THOMAS CARSTENS *et al.*, *Appellants*, v. S. D. GUSTIN *et al.*, *Respondents*.

### INTERPLEADER — WHEN LIES.

A complaint of interpleader does not state a cause of action, though alleging that plaintiffs hold a sum of money claimed by different parties, whose rights they desire adjudicated, when it further appears from the complaint that the money is the proceeds from the sale of a boom of logs, which had been levied upon by a judgment creditor of one of the parties in a logging firm, that the plaintiffs had set up a claim of ownership under a contract with the firm and given a bond for possession of the logs, and that, upon a trial of their claim, the judgment creditor had been given judgment against plaintiffs on their forthcoming bond for the value of the logs.

Appeal from Superior Court, King County.—Hon. WM. HICKMAN MOORE, Judge. Affirmed.

*John E. Humphries, W. E. Humphrey,* and *E. P. Edsen,* for appellants.

*John G. Barnes,* and *W. W. Wilshire,* for respondents:

The statutory proceedings provided for in 2 Hill's Code, §§ 153-155 (Bal. Code, §§ 4843-4845) takes the place of a bill of interpleader in equity, and the action is governed by the same rules that govern such a bill. *Washington Ins. Co. v. Lawrence,* 28 How. Pr. 435; *Cady v. Potter,* 55 Barb. 463; *Board of Education v. Scoville,* 13 Kan. 17;

*St. Louis Life Ins. Co. v. Alliance Mutual Life Ins. Co.,* 23 Minn. 7; *Johnson v. Maxey,* 43 Ala. 521.

If plaintiff is liable to different claimants, even though it be for the same demand, there is no case for a bill of interpleader. *Greene v. Mumford,* 4 R. I. 313; *Crawford v. Fisher,* 1 Hare, 436; *Pfister v. Wade,* 56 Cal. 43.

In order to be entitled to maintain interpleader, the plaintiff must claim no interest himself in the thing in dispute. He must occupy the position of a stakeholder. He must stand entirely indifferent between the conflicting claimants. He cannot mingle up a demand of his own upon the property or fund with the demand that the other persons shall interplead. 3 Pomeroy, Equity Jurisprudence (1st ed.) § 1325; *Adams v. Dixon,* 19 Ga. 513 (65 Am. Dec. 608); *Cullen v. Dawson,* 24 Minn. 66; *Lozier's Exr's v. Van Saun's Adm'rs,* 3 N. J. Eq. 325; *Lincoln v. Rutland & B. R. R. Co.,* 24 Vt. 639; *North Pacific Lumber Co. v. Lang,* 42 Pac. 801 (52 Am. St. Rep. 780.)

The opinion of the court was delivered by

REAVIS, J.—The appellants commenced an action, denominating their complaint an interpleader. It states in substance that Thomas and Ernest Carstens were a partnership known as Carstens Brothers and that the defendants Skavdale and Thomas L. and M. L. Jose were in partnership under the firm name of Saginaw Logging Company, and that defendant Moyer was sheriff of King county; that the defendants Gustin and wife and Tibbetts were partners under the firm name of Gustin & Tibbetts; that prior to June 18, 1896, Gustin & Tibbetts recovered judgment in the superior court against Thomas L. Jose, which was duly entered of record as unpaid in said court; that plaintiffs, Carstens Brothers, entered into a

contract on the 18th of June, 1896, with the Saginaw Logging Company, by the terms of which Carstens Brothers were to furnish money and supplies necessary to get out logs and carry on the business of the logging company and to sell the logs and pay themselves for all money expended under the contract and return the surplus to the Saginaw Logging Company, and the agreement, which is in writing, is set out; that the Saginaw Logging Company was indebted to Carstens Brothers in large sums; that the company prior to May 24, 1897, secured and got out a boom of logs under the contract with Carstens Brothers of the value of $1,200; that the logs were taken possession of by Carstens Brothers who exercised acts of ownership over them; that at this time the judgment creditors, Gustin & Tibbetts, had an execution issued upon their judgment against Thomas Jose, which was levied by defendant Moyer, as sheriff, upon the boom of logs; that the sheriff took possession of all the logs; that Carstens Brothers demanded possession of the logs of the sheriff, which was refused; that they then filed their affidavit of claim of ownership under § 491, 2 Hill's Code (Bal. Code, § 5262) and executed and delivered a bond to Moyer, the sheriff; that the cause was regularly docketed and heard in the court; that judgment was rendered against Carstens Brothers and their sureties on the bond in the sum of $1,200; and that such judgment is unsatisfied. It is also stated that all the defendants except Moyer are insolvent and that the plaintiffs Carstens Brothers sold the logs for the sum of $1,200, and now have the money in place of the logs. And it is also stated that the members of defendant Saginaw Logging Company claim they are entitled to the money; that if the logs are not the property of Carstens Brothers they are the property of the Saginaw Logging Company, and that said company is

either entitled to the logs or the money for the same; and
that Carstens Brothers claim that they are either entitled
to the money or to hold the claim for the same against
the Saginaw Logging Company. It is also stated that
Thomas Jose is indebted to the Saginaw Logging Company,
and after payment of the partnership debts there will be
no sum due him from the firm, and that at the time the
levy was made upon the logs by the sheriff his partnership
debts were greatly in excess of the property of the part-
nership, and there was nothing due for the individual
creditors of Thomas Jose. Plaintiffs state they are willing
to pay the moneys over to the parties entitled thereto and
ask that all the defendants be brought into court and re-
quired to have their rights and claims adjusted, and the
court determine to whom the money shall be paid. The
defendants, sheriff, Gustin & Tibbetts, Skavdale and Jose,
filed separate demurrers to the complaint on the ground
that it did not state a cause of action, and the demurrers
were sustained by the superior court.

The plaintiffs Carstens Brothers are in no other or differ-
ent position than they were when they claimed the boom
of logs as against the levy of the sheriff. They made their
claim under their contract with the Saginaw Logging Com-
pany as the owners of the logs. A trial was had, and it was
determined that they were not the owners of the logs, but
that such logs were subject to the execution of Gustin &
Tibbetts against Thomas Jose. The money which Carstens
Brothers have in their hands merely stands in place of
the logs, and, as between them and Gustin & Tibbetts,
the judgment of the court was they should pay the $1,200.
The unadjusted matters as between the Saginaw Logging
Company and Carstens Brothers cannot concern Gustin &
Tibbetts, who were adjudged to be entitled to the proceeds
from the boom of logs, viz., the $1,200. There does not

seem to be any element of intervention in the complaint and the judgment of the superior court is affirmed.

DUNBAR and GORDON, JJ., concur.