[No. 3145. Decided January 3, 1900.]

THOMAS CARSTENS *et al., Appellants,* v. W. H. MOYER, *Respondent.*

CHATTEL MORTGAGE—VALIDITY.

An instrument in form a chattel mortgage is invalid as against a creditor of, or *bona fide* purchaser from, the mortgagor, under Bal. Code, § 4558, when the instrument is not accompanied by an affidavit of good faith, and has not been acknowledged and recorded.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*John E. Humphries, William E. Humphrey* and *Harrison Bostwick,* for appellants.

*John G. Barnes,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This is an action by appellants to recover from respondent $1,200, the proceeds of a certain lot of logs. The complaint substantially alleges that appellants had a subsisting chattel mortgage (and the instrument is set out) upon the above logs, which were levied upon and sold under execution by the respondent, upon judgment against members of the firm known as the Saginaw Logging Company; that appellants had filed their affidavit of claim of ownership under § 5262, Bal. Code, and executed and delivered the bond required to respondent; that thereupon a trial was had, and judgment was rendered against appellants and their sureties on the bond in the sum of $1,200; that recovery was had upon the judgment, and the $1,200 was paid by appellants; and that the respondent, as sheriff, still has such sum in his custody. It is also stated that the instrument mentioned as a chattel mortgage upon the logs was the basis of appellants' claim to the ownership of the logs in the former action, and that the superior court adjudged the instrument not a bill of sale, but a chattel mortgage. A general demurrer was interposed to the complaint, and sustained in the superior court.

This controversy in one form was before this court in *Carstens v. Gustin*, 19 Wash. 403 (53 Pac. 550). In that case the appellants filed a complaint denominating it an interpleader, and endeavored to have the $1,200 adjudged to the appellants or to the Saginaw Logging Company, which is assumed by the appellants to be the mortgagor in the instrument set out in the complaint. It was observed there, with reference to the contention upon the claim of ownership of the appellants to the logs in question, that:

"A trial was had and it was determined that they were not the owners of the logs, but that such logs were subject to the execution of Gustin & Tibbetts against Thomas Jose.

The money which Carstens Bros. have in their hands merely stands in place of the logs; and, as between them and Gustin & Tibbetts, the judgment of the court was they should pay the $1,200."

Counsel, after discussing, and with great industry citing, many authorities to demonstrate the issues determined in the original suit in the superior court, which involved the affidavit of ownership made by appellants to determine that the nature of the instrument set out in the complaint was adjudged in that trial, insist either that the chattel mortgage could not be considered in the claim made under the affidavit, or, if it was considered, it was adjudged that the instrument was a mortgage; but, in view of a consideration of the instrument set out in the complaint, it is unnecessary to review the authorities submitted by counsel.

The instrument does not comply with the requirements of the statute concerning chattel mortgages. It was accompanied by no affidavit of good faith. It was not acknowledged and was never recorded. See Bal. Code, § 4558. Under the uniform ruling of this court, such an instrument is invalid against the creditor or *bona fide* purchaser. The invalidity of the instrument as a chattel mortgage determines the merits of the controversy, and the judgment of the superior court is affirmed.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.